IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES LATCH<br>Plaintiff,<br><br>v.<br><br>EL PASO CORPORATION,<br>EL PASO EXPLORATION AND<br>PRODUCTION COMPANY,<br>EL PASO CORPORATION AMENDED<br>AND RESTATED 2000 TRANSITION<br>SEVERANCE PAY PLAN, AND<br>PLAN ADMINISTRATOR OF THE EL<br>PASO CORPORATION AMENDED AND<br>RESTATED 2000 TRANSITION<br>SEVERANCE PAY PLAN<br>Defendants. | § § § § § § § § § § § § § § § § § | Civil Action No. H-06-CV-1470 |

## MEMORANDUM AND ORDER

Before the Court is Docket No. 31, Defendants' Motion for Judgment on the Pleadings Regarding the Third, Fourth, and Seventh Claims for Relief in Plaintiff's First Amended Complaint. Defendants' motion is filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. The defendants, referred to collectively as "Defendants," are El Paso Corporation ("El Paso"), El Paso Exploration and Production Company ("E&P"), the El Paso Corporation Amended and Restated 2000 Transition Severance Pay Plan (as Amended and Restated effective as of October 1, 2002) (the "Severance Plan") and the Plan Administrator of the El Paso Corporation Amended and Restated 2000 Transition Severance Pay Plan (as Amended and Restated effective as of October 1, 2002) (the "Plan Administrator").

The competing arguments require construction of provisions of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001 - 1461.

I.   APPLICABLE STANDARD

The standard for a motion to dismiss under Rule 12(c) of the Federal Rules of Civil Procedure is the same as the standard under Rule 12(b)(6). *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). A claim may be dismissed if it "is clear that the plaintiff can prove no set of facts in support of his claim which that entitle him to relief." *Id.*; *see also Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002); *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994). In ruling on a Rule 12(c) motion, a court must accept as true all well-pleaded facts and view them in the light most favorable to the non-moving party. *Chavin v. State Farm Fire & Cas. Co.*, 2007 WL 2230724 (5th Cir. 2007); *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004).

II.   BACKGROUND

The following account is taken, almost exclusively, from the submissions of Plaintiff Charles Latch ("Latch"). For purposes of this motion, it places the disputed facts in the light most favorable to Plaintiff.

Latch began his employment with E&P in January 2001. His title was "Vice President, Drilling and Construction." He was employed with E&P for more than three years and was a "participant" and a "beneficiary" of the Severance Plan within the meaning of the Plan and applicable law.

In 2004, E&P recorded a major restatement of its gas and oil reserves for the period 1999-2003. The revision to El Paso's reserves decreased the value of E&P oil and gas assets by $2.7 billion. The Securities and Exchange Commission ("SEC") conducted an investigation into the

restatement. On April 30, 2004, Lisa Stewart, who was then the President of E&P, advised Latch that "because [he] was at the wrong place at the wrong time" his employment would be terminated immediately. Stewart acknowledged that Latch had not been part of the acts or omissions that lead to the SEC's investigation. The SEC subsequently cleared Latch of any involvement.

On May 4, 2004, Stewart notified Latch that he was being terminated "for cause." On May 7, 2004, Latch received written notification that the for cause termination was based on an unspecified "violation of the Code of Conduct." In the same writing, Latch was informed that he would not be eligible to receive severance pay and other benefits under the Severance Plan. The Severance Plan states that "[a]n Eligible employee shall not be entitled to Severance Pay if . . . his or her employment is terminated by an Employer for cause (which shall include, but not be limited to . . . a violation of the Code of Conduct of the Company . . .").

In his First Amended Complaint, Latch has set forth seven claims for relief.

### III.   DISCUSSION OF THE THREE DISPUTED CLAIMS FOR RELIEF

Defendants are not asking for Latch's entire case to be dismissed. Rather, they are seeking dismissal as to the third, fourth, and seventh claims for relief. Those will be considered in turn.

#### A.   Plaintiff's Third Claim for Relief

In his first claim for relief, Latch seeks the benefits he alleges are due him under the terms of the Severance Plan. Defendants do not seek dismissal of this claim.

In his third claim for relief, Latch seeks reimbursement for all the medical insurance payments he had to make for the six months starting on May 1, 2004. Specifically, Latch claims that, because medical insurance should have been provided under the Severance Plan and was not,

he had to elect continuation coverage at his own expense pursuant to the Consolidated Omnibus Budget Reconciliation Act of 1986 ("COBRA"). Latch specifically invokes, among other provisions of ERISA, § 502(a)(3), 29 U.S.C. §1132(a)(3). This provision of ERISA allows a plan participant to seek "other appropriate equitable relief." Well-established authority, however, provides that this provision cannot be used when a participant has relief available under § 502(a)(l), 29 U.S.C. § 1132(a)(1), which is the ERISA provision that Latch invokes in his first claim for relief. *Musmeci v. Schwegmann Giant Super Markets,* 332 F.3d 339, 349 n.5 (5th Cir. 2003) (*citing Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002)); *Tolson v. Avondale Indus., Inc.* 141 F.3d 604, 610 (5th Cir. 1998) ("Because Tolson has adequate redress for disavowed claims through his right to bring suit pursuant to section 1132(a)(1), he has no claim for breach of fiduciary duty under section 1132(a)(3)." (quotation omitted)).

Latch's claim for COBRA payments falls under § 502(a)(l)(B) as an action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." This is precisely what Latch has pleaded in his first claim for relief; he cannot, therefore, use § 502(a)(3) in his third claim to seek the same relief.

### B.  Plaintiff's Fourth Claim for Relief

Latch's fourth claim for relief alleges that some or all of Defendants terminated him so as to avoid payment of the amounts due him from the Severance Plan. The only statutory reference included is to § 510 of ERISA, 29 U.S.C. § 1140, which makes it unlawful for an employer to act against an employee "for the purpose of interfering with the attainment of any right to which such participant might become entitled" under a benefit plan. There is no indication of the ERISA

provision pursuant to which Plaintiff seeks redress of the alleged § 510 violation. There is persuasive authority, however, that relief for a violation of § 510 is available only under § 502(a)(3). *Eichorn v. AT&T*, 484 F.3d 644, 651-53 (3rd Cir. 2007).

If § 502(a)(3) is the vehicle to be used for redress of a § 510 violation, then Latch's fourth claim for relief is vulnerable to the same objection as his third claim for relief. Moreover, the relief that Latch is seeking in his fourth claim is money damages, and relief under § 502(a)(3) is limited to types relief typically available in equity such as injunction, mandamus, and restitution. *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 257-59 (1993); *Eichorn*, 484 F.2d at 654-57; *accord Musmeci*, 332 F.3d at 349 n.5.

### C. Plaintiff's Seventh Claim for Relief

In his seventh claim for relief, Latch invokes only § 502(a)(3) to request that a trust be imposed on the sum of $784,048 plus interest that Latch is allegedly owed by Defendants. Again, however, relief under that subsection is limited to those categories of relief that were typically available in equity, and those generally do not include money damages. *Mertens,* 508 U.S. at 257-59. To the extent that Latch's claim is a claim for a constructive trust, the Supreme Court has held that such a claim from a defendant's general assets rather than from an identified fund or corpus is not equitable but legal. *Great-West Life & Annuity Ins. Co.,* 534 U.S. at 213-14.

### IV. CONCLUSION

The court certainly understands that Latch has suffered significant financial detriment, and it does not wish to be understood, even by inference, to suggest that the Court has concluded that he is completely without remedy. For the reasons stated, however, Latch's third, fourth, and seventh claim must be **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

Signed at Houston, Texas on this \_\_\_2nd\_\_\_ day of November 2007.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.