UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHARLES LATCH,<br>Plaintiff,<br><br>v.<br><br>EL PASO CORPORATION,<br>EL PASO EXPLORATION AND<br>PRODUCTION COMPANY,<br>EL PASO CORPORATION AMENDED<br>AND RESTATED 2000 TRANSITION<br>SEVERANCE PAY PLAN, AND<br>PLAN ADMINISTRATOR OF THE EL<br>PASO CORPORATION AMENDED AND<br>RESTATED 2000 TRANSITION<br>SEVERANCE PAY PLAN<br>Defendants. | §<br>§<br>§<br>§   CIVIL ACTION NO. 4:06-CV-01470<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## MEMORANDUM AND ORDER

Before the Court is Defendants' Motion to Strike Jury Demand (Doc. No. 56), arguing that Plaintiff is not entitled to a jury trial on any of his remaining claims.[1] Defendants filed its motion on November 15, 2007, and in the intervening two months, Plaintiff has not responded, not even in his January 2, 2008 Response to Defendants' Motion for Summary Judgment (Doc. No. 62).

With regard to Plaintiff's first and second claims for relief, Defendants cite *Borst v. Chevron Corp.*, 36 F.3d 1308, 1323-24 (5th Cir. 1994), *cert. denied*, 514 U.S. 1066 (1995), for the proposition that jury trials are unavailable under the Employee Retirement Income Security Act ("ERISA") § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). (Defs.' Mot. Strike, Doc. No. 56, at

---

[1] Plaintiff's Amended Complaint sets out seven claims for relief. (Doc. No. 24, at 13-20.) On November 2, 2007, the Court dismissed Plaintiff's third, fourth, and seventh claims. (Order, Doc. No. 53.) On January 28, 2008, the Court granted summary judgment in favor of Defendants on portions of Plaintiff's first and second claims, and on the entirety of his fifth claim. (Order, Doc. No. 65.) Defendants' motion to strike is moot insofar as it relates to claims no longer before the Court.

2.) Defendants' argument also appears to be supported by *Calamia v. Spivey*, 632 F.2d 1235, 1238 (5th Cir. 1980) ("ERISA does not entitle the [Plaintiff] to a jury trial."). In light of these authorities, and especially in the absence of any counterargument from Plaintiff, the Court agrees with Defendants that Plaintiff may not demand a jury trial on his first and second claims.

With regard to Plaintiff's sixth claim for relief, Defendant argues that the plain text of 29 U.S.C. § 1132(g)(1) commits to the discretion of "the court" whether to award attorney's fees and costs. (Defs.' Mot. Strike, Doc. No. 56, at 3-4.) Defendants also argue that *Gibbs v. Gibbs*, 210 F.3d 491 (5th Cir. 2000), declares jury trials unavailable in claims for attorney's fees and costs under ERISA. (Defs.' Mot. Strike, Doc. No. 56, at 3-4.) Especially in light of *Calamia*, and in the absence of any counterargument from Plaintiff, the Court finds Defendants' arguments, particularly its citation to *Gibbs*, persuasive. *See Gibbs*, 210 F.3d at 497 n.6 (acknowledging that because "the denial of a jury trial was never raised on appeal" and is therefore "beyond the scope of our review," but nonetheless agreeing in dicta with the district court's finding that "claims [for attorney fees] under ERISA are equitable in nature and are not entitled to a jury trial").

For the foregoing reasons, Defendants' Motion to Strike Jury Demand (Doc. No. 56) is **GRANTED**.

**IT IS SO ORDERED.**

SIGNED this 28th day of January, 2008.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL
FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY
EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT